ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN  #983539
Senior Assistant Attorney General
NATHAN K. RIEMERSMA #164699
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Robert.Sullivan@doj.state.or.us
            Nathan.K.Riemersma@doj.state.or.us

Attorneys for Defendants Clements, and Gulick, and State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATHAN WAYNE GALLOWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARTH GULICK, ASHLEY CLEMENTS, STATE OF OREGON, JOHN DOES 1-5,<br><br>　　　　Defendants. | Case No.   2:18-CV-00923-JO<br><br>NOTICE OF SETTLEMENT |

Page 1 -    NOTICE OF SETTLEMENT
　　　RS/bl2/9053761-v4

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Pursuant to ORS 17.095, the State notifies the court that this action has been settled pursuant to the terms of a Settlement Agreement and Release, a copy of which is attached as Exhibit 1.

DATED August 27, 2021.

          Respectfully submitted,

          ELLEN F. ROSENBLUM
          Attorney General


          *s/Nathan Riemersma*
          ROBERT E. SULLIVAN #983539
          Senior Assistant Attorney General
          NATHAN K. RIEMERSMA #164699
          Assistant Attorney General
          Trial Attorneys
          Tel (503) 947-4700
          Fax (503) 947-4791
          Robert.Sullivan@doj.state.or.us
          Nathan.K.Riemersma@doj.state.or.us
          Of Attorneys for Defendants

Page 2 -   NOTICE OF SETTLEMENT
      RS/bl2/9053761-v4

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This action is currently pending in U.S. District Court Case Number 2:18-CV-00923-JO ("Action").  The parties to this Action are Nathan Galloway, represented by Michelle Burrows, and Bradley Cain, Garth Gulick, Ashley Clements, and the State of Oregon, represented by Robert E. Sullivan ("Parties").  This action concerns a dispute between the Parties regarding medical care provided to Plaintiff throughout his incarceration, particularly with respect to his back pain and related surgeries, urological issues, and foot drop. The Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement").  The effective date of this Agreement is the date on which it is fully executed.

The terms of this Agreement are as follows:

**Settlement Payment:**  As consideration for Plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay plaintiff the sum of One Hundred Thirty-Eight Thousand Dollars [$138,000] ("settlement payment") paid in trust to Michelle R. Burrows attorney at law.

**Non-Monetary Relief:**  In addition to the sum paid to Plaintiff, the Oregon Department of Corrections (ODOC) on behalf of Defendants agrees to the following treatment plan:

- ODOC will provide Plaintiff with a nerve conduction study and MRI to determine if there are any structural issues requiring surgical intervention.  ODOC will order and schedule these appointments with the outside providers within 90 days, subject to the availability of the outside provider.

Exhibit 1 Page 1 of 10
Case No. 2:18-CV-00923-JO

- ODOC will send Plaintiff to a Urologist for evaluation and treatment of his urinary issues. ODOC will order and schedule these appointments with the outside provider within 90 days to the availability of the outside provider.

- ODOC will provide Plaintiff with a physical therapy consultation and continue physical therapy sessions for as long as the physical therapist recommends treatment.  ODOC will request the physical therapist to provide a written treatment plan and provide adequate facilities and equipment to comply with the treatment plan to the extent possible within a correctional environment.

- ODOC will provide Plaintiff with a consultation at the Oregon Health and Sciences University (OHSU) pain clinic for evaluation of chronic pain.  In order to allow the pain clinic to have a complete picture of plaintiff's condition, ODOC will provide the pain clinic with relevant records including but not limited to the results of the nerve conduction study, MRI, and urologist report. ODOC will order and schedule these appointments with the outside providers within 90 days, subject, to the availability of the outside provider.

- ODOC will refer Plaintiff to its internal Behavioral Health Services for evaluation and treatment options for any mental health conditions.

- Plaintiff has requested and defendants agree that defendants will replace, as needed, medically necessary durable medical equipment in connection with this case.

ODOC will implement all medically reasonable recommendations received by outside experts that are based on evidence-based clinical data, current professional knowledge and

Exhibit 1 Page 2 of 10
Case No. 2:18-CV-00923-JO

experience. Medically reasonable recommendations shall be defined as recommendations that a competent doctor could make that are safe and effective, not experimental or investigational, and appropriate in duration and frequency in accordance with the accepted standards of medical practice for the diagnosis or treatment of the patient's condition. ODOC will not commit to implementing any non-medical recommendations, or recommendations that would impede ODOC's operational or population management abilities.

The Parties stipulate that the Honorable Magistrate Stacie Beckerman will serve as Settlement Compliance Judge to ensure compliance with the terms of this settlement agreement, subject to the following terms and conditions:

- Defendants are required to substantially comply with the terms of this agreement. Plaintiff may seek to remediate any lack of substantial compliance with this agreement.

- The Parties shall attempt to first resolve disputes concerning the agreement informally prior to addressing them directly with Judge Beckerman, unless the dispute is of an emergency nature involving immediate harm. Non-emergency alleged violations shall be conferred upon by the Parties in an expedited manner.

- In the event the Parties are unable to resolve any disputes concerning this agreement, the Plaintiff may present to Judge Beckerman evidence that ODOC is not substantially complying with the terms of this agreement.

- Plaintiff's submission should be in the form of a filed motion for enforcement and accompanying legal memorandum (not to exceed 5 pages except with prior leave from Judge Beckerman), and any accompanying declarations or evidence.

Exhibit 1 Page 3 of 10
Case No. 2:18-CV-00923-JO

> Defendants shall have five business days to respond to plaintiff's submissions, subject to the same limitations.
>
> - Upon receipt of the parties' submissions, Judge Beckerman shall determine whether additional argument or evidentiary submissions are necessary, and shall render a written decision in an expedited manner.
> - In the event that Judge Beckerman finds that defendants have not substantially complied with the terms of this agreement, then Judge Beckerman shall have the authority to order ODOC to remedy the breach.
> - In the event that defendants willfully decline to remedy any alleged breach, and Judge Beckerman finds that no other remedies are effective, she shall have the authority to impose remedial or punitive sanctions on ODOC.
> - The parties stipulate and agree that Judge Beckerman's written order shall be the final resolution of any dispute submitted in accordance with this agreement. The parties hereby forsake and waive any rights of appeal or to seek other judicial review for disputes arising from concerns regarding whether defendants are in compliance with this agreement in the above-noted case.

In reaching this agreement, ODOC expressly rejects any assertion, in this proceeding or otherwise, that it is violating Plaintiff's rights with respect to his medical care.

Plaintiff is the only individual who has standing to enforce this agreement. Plaintiff shall have standing to enforce this agreement until either plaintiff is released, or until all of ODOC's obligations under the agreement are satisfied.

Exhibit 1 Page 4 of 10
Case No. 2:18-CV-00923-JO

**Plaintiff's Release of Claims:** In consideration for the above settlement payment, plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge defendants and all those in interest with /them, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were or could have been raised in this Action.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement.  This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs

Exhibit 1 Page 5 of 10
Case No. 2:18-CV-00923-JO

they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Plaintiff is Responsible for all Subrogation and Liens:** Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of plaintiff which plaintiff agrees to pay or otherwise resolve. Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**Medicare Disclaimer and Waiver:** By signing below, plaintiff declares under penalty of perjury that: (1) plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare.  Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties for any claims arising out of arising out of 42 U.S.C. § 1395y(b).  Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

Exhibit 1 Page 6 of 10
Case No. 2:18-CV-00923-JO

**No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099.  The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law.  Plaintiff is solely responsible for the tax consequences of settlement payment, and plaintiff agrees not to hold the Released Parties responsible for taxes due.**

**Entire Agreement:** This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement.  There are no representations, agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement.  Any benefits provided to or accommodations reached with the Parties during the negotiation of this Agreement that are not described in this Agreement were made solely in the discretion of the Parties and are not part of the consideration for or the terms of this Agreement.

**No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties.  This Agreement does not establish a precedent in the settlement of any current

Exhibit 1 Page 7 of 10
Case No. 2:18-CV-00923-JO

or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:**  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:**  This Agreement does not waive any right that may not legally be waived.  If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:**  This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns.  The Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:**  By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understands the Agreement's terms, and that they enter the Agreement voluntarily for the

Exhibit 1 Page 8 of 10
Case No. 2:18-CV-00923-JO

purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement after voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Judgment of Dismissal with Prejudice:** The Parties agree to a dismissal of the pending Action with prejudice, without costs or fees to either party. If needed, Counsel for defendants shall file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Additionally, if needed, counsel for the defendants shall file a Notice of Settlement with a copy of this Agreement attached pursuant to ORS 17.095.} The Parties agree to execute these documents and any further documents and take any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

Exhibit 1 Page 9 of 10
Case No. 2:18-CV-00923-JO

IT IS SO AGREED TO BY THE PARTIES:

_____   DATED this __17th__ day of ~~July~~ August, 2021.
**NATHAN GALLOWAY**
Plaintiff

Subscribed and sworn to before me this _____ day of July, 2021, in the State of Oregon, County of _____.

*I witnessed Nate Galloway sign + date this  Michelle Po___  8/17/21*

_____
Notary Public for Oregon
My commission expires:_____

_____   DATED this __18th__ day of ~~July~~ August, 2021.
**WARREN ROBERTS, MD**
Chief Medical Officer, Oregon Department of Corrections

APPROVED AS TO FORM:

_____   DATED this __17th__ day of ~~July~~ August, 2021.
**MICHELLE BURROWS**, OSB #861606
Attorney for Plaintiff

s/Nathan Riemersma #164699 On Behalf of Robert Sullivan   DATED this __18__ day of August, 2021
**ROBERT E. SULLIVAN**, OSB #983539
Senior Assistant Attorney General
Attorney for Defendant State of Oregon

Page 10 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

40878207/RS/bl2

Exhibit 1 Page 10 of 10
Case No. 2:18-CV-00923-JO