IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATHAN WAYNE GALLOWAY,<br><br>  Plaintiff,<br><br>  v.<br><br>GARTH GULICK *et al.*,<br><br>  Defendants. | Case No. 2:18-cv-00923-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Nathan Wayne Galloway ("Galloway") filed a motion for sanctions, alleging that Defendants Garth Gulick, Ashley Clements, and the State of Oregon (together, "Defendants") breached the August 2021 settlement agreement in this case ("Settlement Agreement"). (ECF No. 156.)

The Settlement Agreement provided that "[i]n the event the Parties are unable to resolve any disputes concerning this agreement, [Galloway] may present to Judge [Stacie F.] Beckerman evidence that [the Oregon Department of Corrections ('ODOC')] is not substantially complying with the terms of this agreement." (Settlement Agreement at 3, ECF No. 50, Ex. 1.) The Settlement Agreement further provided that "[i]n the event that Judge Beckerman finds that

PAGE 1 – OPINION AND ORDER

defendants have not substantially complied with the terms of the agreement, then Judge Beckerman shall have the authority to order ODOC to remedy the breach." (*Id.* at 3-4.)

Galloway alleges that Defendants have not substantially complied with the Settlement Agreement because when he returned on May 28, 2025 to General Population after a stay in the Disciplinary Segregation Unit, his secondary ankle foot orthotic ("AFO") and strap were missing from his property. (Pl.'s Mot. at 1-2, ECF No. 156.) Defendants acknowledge that Galloway's secondary AFO and strap were temporarily missing, but report that Galloway was fitted for and received a new custom carbon fiber AFO on or about July 22, 2025. (Defs.' Resp. at 2-4, ECF No. 160.) Galloway acknowledged in his reply that he did not require the use of his secondary AFO during the period of time it was unavailable. (Pl.'s Reply at 3, ECF No. 165.)

The Court finds that Defendants are in substantial compliance with the terms of the Settlement Agreement. Although someone appears to have temporarily misplaced Galloway's secondary AFO and strap, ODOC replaced it with a new AFO a short time later, as required by the Settlement Agreement.[1] (*See* Settlement Agreement at 2, providing that Defendants "will replace, as needed, medically necessary durable medical equipment in connection with this case"). To the extent Defendants were temporarily out of compliance with the requirement to provide Galloway with a secondary AFO and strap, their noncompliance was insubstantial.

---

[1] In their response, Defendants "urge the Court to consider potential modification of the order to allow the flexibility to adapt with changing recommendations or protocols from expert providers." (Defs.' Resp. at 5.) The Settlement Agreement provides that "ODOC will implement all medically reasonable recommendations received by outside experts that are based on evidence-based clinical data, current professional knowledge and experience" in connection with the medical conditions at issue in the Settlement Agreement. (Settlement Agreement at 2.) To be clear, to the extent Galloway's providers update any of their recommendations, the newly-recommended protocols supersede any prior Court orders.

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's Motion for Sanctions for Willful Breach of the Settlement Agreement (ECF No. 156).[2]

**IT IS SO ORDERED.**

DATED this 2nd day of October, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] The parties agreed in the Settlement Agreement that "Judge Beckerman's written order shall be the final resolution of any dispute submitted in accordance with this agreement" and "waive[d] any rights of appeal or . . . other judicial review[.]" (Settlement Agreement at 4.)

PAGE 3 – OPINION AND ORDER