IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATHAN WAYNE GALLOWAY, | Case No. 2:18-cv-00923-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| GARTH GULICK *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

    Plaintiff Nathan Wayne Galloway ("Galloway") filed a motion alleging a breach of the August 2021 settlement agreement in this case ("Settlement Agreement") and requesting sanctions. (Pl.'s Mot., ECF No. 167.)

    The Settlement Agreement provided, in part, that the Oregon Department of Corrections ("ODOC") "will implement all medically reasonable recommendations received by outside experts that are based on evidence-based clinical data, current professional knowledge and experience" in connection with the medical conditions at issue in the Settlement Agreement. (Settlement Agreement at 2, ECF No. 50, Ex. 1.) The Settlement Agreement further provided that "Plaintiff may seek to remediate any lack of substantial compliance with this agreement,"

PAGE 1 – OPINION AND ORDER

and "[i]n the event the Parties are unable to resolve any disputes concerning this agreement, [Galloway] may present to Judge [Stacie F.] Beckerman evidence that ODOC is not substantially complying with the terms of this agreement." (Settlement Agreement at 3.)

Galloway alleges that Defendants willfully breached the Settlement Agreement and prior court orders by failing timely to transport him to Oregon Health & Science University ("OHSU") for his quarterly epidural steroid injection ("ESI"). (Pl.'s Mot. at 1-3.) The Court has previously ordered that, consistent with the terms of the Settlement Agreement and OHSU's prior treatment recommendations, Defendants must "continue to transport Galloway to OHSU to receive an ESI every ninety days, as recommended in OHSU's treatment plan[.]" (Op. & Order at 17, ECF No. 138.)

Defendants responded to Galloway's motion and submitted evidence that they transported Galloway to OHSU to receive an ESI on May 27, 2025, and again on August 26, 2025, ninety-one days later.[1] (Defs.' Resp. at 2, ECF No. 170; *see also* Decl. Nathan Riemersma ("Riemersma Decl."), Attach. 1, ECF No. 171.) Defendants also provided evidence that OHSU has implemented a new clinic policy with respect to administering ESIs, and now requires patients to schedule follow-up visits to evaluate the efficacy of the procedure before scheduling another ESI. (Defs.' Resp. at 3; Riemersma Decl. Attach. 2, ECF No. 171.) Further, at Galloway's last appointment, OHSU recommended another ESI within three to six months (i.e., not a strict every-ninety-days schedule), and only if the prior ESI was helpful in providing pain relief. (*Id.*)

///

---

[1] Galloway did not disclose in his motion that Defendants transported him to OHSU for his ESI within ninety-<u>one</u> days of his prior injection. (*See generally* Pl.'s Mot.)

PAGE 2 – OPINION AND ORDER

Based on the evidence before the Court, the Court concludes that Defendants have substantially complied with the terms of the Settlement Agreement. Further, the Court withdraws its prior orders requiring that Defendants transport Galloway to OHSU "every ninety days" to receive ESI treatments (ECF Nos. 138, 152), and clarifies that the intent of the Court's prior orders was to enforce the Settlement Agreement provision requiring Defendants to implement OHSU's treatment recommendations. To the extent OHSU changes its recommendations or policies, the Settlement Agreement does not require Defendants to implement any superseded recommendations (or court orders based on superseded recommendations). (*See also* Op. & Order at 2 n.1, "To be clear, to the extent Galloway's providers update any of their recommendations, the newly-recommended protocols supersede any prior Court orders.", ECF No. 169.)

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's Motion for ESI Sanctions and Willful Breach of the Settlement Agreement and Court Order (ECF No. 167).[2]

**IT IS SO ORDERED.**

DATED this 28th day of October, 2025.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] The parties agreed in the Settlement Agreement that "Judge Beckerman's written order shall be the final resolution of any dispute submitted in accordance with this agreement" and "waive[d] any rights of appeal or . . . other judicial review[.]" (Settlement Agreement at 4.)

PAGE 3 – OPINION AND ORDER