IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATHAN WAYNE GALLOWAY, | Case No. 2:18-cv-00923-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| GARTH GULICK *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Nathan Wayne Galloway ("Galloway") filed a motion requesting a status hearing to discuss his medical care. (Pl.'s Mot., ECF No. 173.)

The Settlement Agreement in this case provided, in relevant part, that the Oregon Department of Corrections ("ODOC") "will implement all medically reasonable recommendations received by outside experts that are based on evidence-based clinical data, current professional knowledge and experience" in connection with the medical conditions at issue in the Settlement Agreement. (Settlement Agreement at 2, ECF No. 50, Ex. 1.) The Settlement Agreement further provided that "[Galloway] may seek to remediate any lack of substantial compliance with this agreement," and "[i]n the event the Parties are unable to resolve

PAGE 1 – OPINION AND ORDER

any disputes concerning this agreement, [Galloway] may present to Judge [Stacie F.] Beckerman evidence that ODOC is not substantially complying with the terms of this agreement." (Settlement Agreement at 3.)

Accordingly, the Settlement Agreement provides a specific procedure to follow if Galloway believes that ODOC is not substantially complying with the terms of the agreement. As such, although the Court is sympathetic of Galloway's ongoing medical issues, the Court's role in this case is not to monitor all aspects of his medical care. Rather, pursuant to the terms of the Settlement Agreement, Galloway may present evidence to the Court that (i) outside experts have provided recommendations to address the medical conditions at issue in the Settlement Agreement,[1] and (ii) ODOC is not implementing the recommendations, and the Court will rule on any such motion.

## CONCLUSION

For the reasons stated, the Court DENIES Galloway's motion for a status hearing (ECF No. 173).

**IT IS SO ORDERED.**

DATED this 17th day of November, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] In light of ODOC's allegations that Galloway recently used controlled substances while in custody, the Court can no longer rely on the efficacy of the outside providers' prior recommendations, particularly with respect to pain relief measures. Going forward, Galloway must provide evidence that the outside provider was aware of and considered the recent controlled substance use before the Court may rely on any further recommendations.

PAGE 2 – OPINION AND ORDER